## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEL WEBB COMMUNITIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES LESLIE PARTINGTON et al., ) <br> ) <br> Defendants. ) | Case No.: 2:08-cv-00571-GMN-GWF <br><br> **ORDER** |

This case arises out of Defendants' allegedly champertous agreements with Plaintiff's customers, conducting home inspections without a proper license, making false statements of fact in connection with advertised services, and interfering with contracts between Plaintiff and its customers. Plaintiff Del Webb Communities, Inc. ("Del Webb") sued Defendants Charles Leslie Partington, d.b.a. M.C. Mojave Construction ("Mojave") and John Wilson on multiple causes of action. The Court has issued a permanent injunction, (*see* #143), which Defendants have appealed, (*see* #144). On June 9, 2010, the parties filed a stipulation, agreeing that the injunction resolved all claims in the case. (*See* #151). This was in substance a stipulation to dismiss any remaining claims without specifically examining which claims might otherwise remain. The Court signed the stipulation on June 11, 2010. (*See* #152).

Defendant John Wilson has filed the present Motion to Set Aside Order on Stipulation (#154), alleging that his attorney signed the stipulation on his behalf without his knowledge or

consent. As a result, he has fired his attorney. (*See* #154 at 1:28–2:2). Mr. Wilson also attempts to reargue the underlying claims in the case, despite a previous motion for reconsideration having been denied in December of 2009. If considered as a motion for reconsideration under Rule 59(e), the motion is both redundant and untimely. The motion is best treated as a motion under Rule 60(b)(6), which is a "grand reservoir of equitable power to do justice in a particular case." 12 James Wm. Moore et al., Moore's Federal Practice § 60.48[1], at 60-181 to 60-182 (3d ed. 2008). An allegation that an attorney stipulated to an order without a client's permission, if true, could justify relief from the order under some circumstances. However, in this case the stipulation to dismiss any remaining claims against Defendants cannot be said to have prejudiced Mr. Wilson. Such a stipulation can only have inured to his benefit. Rather than having to continue to defend against additional claims in the district court while also prosecuting his appeal against the injunction in the court of appeals, Defendant now need only concern himself with the latter.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Set Aside Order on Stipulation (#154) is DENIED.

DATED this 20th day of July, 2010.

_____
Gloria M. Navarro
United States District Judge